## PHILADELPHIA NAT. BANK v. RAFF.
### No. 17168.

District Court, N. D. Ohio, E. D.
Jan. 27, 1933.

Martin & Corry, of Springfield, Ohio, for plaintiff.

Robert H. Jamison, of Cleveland, Ohio, for defendant.

JONES, District Judge.

Defendant demurs to each of the three causes of action set up in the plaintiff's petition on the ground that the suit was not brought within the time limited for the commencement of such actions as provided by the Ohio Code (section 10509-133). It is conceded that, if the applicable sections of the new Probate Code of Ohio (sections 10500-1 to 10512-25) raise a bar to the action, the demurrers are well taken.

It seems clear that the time for instituting suit in respect of the matter here involved was intended to be cut down to two months after the rejection of the claim. The fact that the shortened period expired before the operative date of the new legislation does not, as it seems to me, operate to extend the time. The new Code was enacted into law in April, 1931, with a warning that it would become effective January 1, 1932, as a limitation upon remedies existing prior and subsequent thereto. The six-month period of the old statute was continuously reduced in respect of rights to such remedies arising after July 1, 1931.

The new Code section relates to the limitation upon commencing suit on a rejected claim after the effective date of the law, and not to the commencement of suit upon claims rejected after its effective date. The fact that the law was not to become operative until January 1, 1932, or eight months after its passage, is strong support for this view as the legislative intention. Under the plaintiff's contention, it has six months from October 29, 1931, within which to commence suit; and that would be true of every such claim filed and rejected up to December 31, 1931. The statute deals with the time for pursuing the remedy, and not with the time that the right to pursue it arises.

The demurrer will be sustained, with exceptions to the plaintiff.